IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AURALEE J. PALMEIRA AND ADELE PALMEIRA-SHINN, <br><br> Plaintiffs, <br><br> vs. <br><br> CIT BANK, N.A., f/k/a ONEWEST BANK, FSB; FEDERAL HOME LOAN MORTGAGE CORPORATION; KALEI B. COLRIDGE; and DOE DEFENDANTS 1-50, <br><br> Defendants. | CIVIL NO. 17-00275 ACK-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR AN ORDER OF REMAND[1]

Before the Court is Plaintiffs' Motion for an Order of Remand, filed on July 7, 2017 ("Motion"). ECF No. 21. Defendant Kalei B. Colridge filed her Opposition on July 21, 2017. ECF No. 23. Defendants CIT Bank, N.A., f/k/a Onewest Bank N.A., f/k/a Onewest Bank, FSB and Federal Home Loan Mortgage Corporation (collectively the "Mortgagee Defendants") filed a Joinder in Defendant Colridge's Opposition on July 21, 2017. ECF No. 24. Plaintiffs filed their Reply on August 4, 2017. ECF No. 25. The Court found this matter suitable for disposition without a

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 22. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was not properly removed. Accordingly, the Court RECOMMENDS that the district court GRANT Plaintiffs' Motion.

BACKGROUND

Plaintiffs initially filed this action on June 30, 2016, in the Circuit Court of the Fifth Circuit, State of Hawaii. See ECF No. 1 ¶1. The Mortgagee Defendants were served with Plaintiffs' First Amended Complaint on September 27, 2016. ECF No. 7 at 3. The Mortgagee Defendants filed their Answer on October 17, 2016. Id. Defendant Colridge was served with the First Amended Complaint on May 23, 2017. ECF No. 1 ¶ 15.

Defendant Colridge filed her Notice of Removal based on diversity jurisdiction on June 9, 2017, seventeen days after she was served. Id. ¶ 13. In the Notice of Removal, Defendant Colridge states that the Mortgagee Defendants were served and answered the First Amended Complaint in 2016. Id. ¶¶ 3, 16. The Notice of Removal, signed only by Defendant Colridge's counsel, does not state that the Mortgagee Defendants consent to removal or join in the removal. Id. On June 26, 2017, thirty-four days after Defendant Colridge was served, the Mortgagee Defendants filed a Consent to and Joinder in Defendant Kalei B. Colridge's

2

Notice of Removal ("Consent"). See ECF No. 7. In that Consent, the Mortgagee Defendants state that counsel for Defendant Colridge sought and obtained the Mortgagee Defendants' counsel's verbal consent by telephone to remove this case on June 7, 2017. Id. at 3; ECF No. 7-1 ¶ 4. On June 27, 2017, Defendant Colridge filed a "Supplement" to her Notice of Removal stating that removal was timely because the Mortgagee Defendants gave verbal consent to removal to counsel for Defendant Colridge and the Mortgagee Defendants' Consent was filed within thirty days of the Notice of Removal. See ECF No. 11. The present Motion followed.

DISCUSSION

Any civil action filed in state court over which the federal courts have original jurisdiction may be removed to federal court by the defendants. See 28 U.S.C. § 1441(a). As noted above, Defendant Colridge's Notice of Removal states that this court has original jurisdiction based on diversity. See ECF No. 1. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 552 F.3d 1241, 1244 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The defendant who invokes the federal court's removal jurisdiction has the burden of establishing that removal was

3

proper. <u>Washington v. Chimei Innolux Corp.</u>, 659 F.3d 842, 847 (9th Cir. 2011).

Section 1446 provides that the notice of removal shall be filed within 30 days after receipt by the defendant of the initial pleading or, if the case is not initially removable, within 30 days after receipt by the defendant of a copy of a paper from which it may first be ascertained that the case is removable. <u>See</u> 28 U.S.C. § 1446(b)(1)-(3). The Ninth Circuit has held that Section 1446's "time limit is mandatory and a timely objection to a late petition will defeat removal." <u>Fristoe v. Reynolds Metals Co.</u>, 615 F.2d 1209, 1212 (9th Cir. 1980); <u>Smith v. Mylan Inc.</u>, 761 F.3d 1042, 1045 (9th Cir. 2014); <u>Kuxhausen v. BMW Fin. Servs. NA LLC</u>, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).

Additionally, under the "rule of unanimity," all defendants who have been properly joined and served must join in or consent to the removal of the action. <u>Id.</u> § 1446(b)(2)(A). If a later-served defendant files a notice of removal, the earlier-served defendants may consent to the removal even though they did not seek or consent to removal. <u>Id.</u> § 1446(b)(2)(C). The Ninth Circuit has held that "where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants *in the notice for removal*." <u>Prize

4

Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) (emphasis added) (superseded by statute on other grounds as recognized by Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that the judicially-created rule of unanimity applied by the Ninth Circuit no longer applied to the removal of class actions pursuant to 28 U.S.C. § 1453(b))).

**1. Defendant Colridge's Notice of Removal Was Procedurally Defective Because it Failed to Explain the Absence of the Mortgagee Defendants' Consent or Joinder.**

Although Defendant Colridge's Notice of Removal was filed within 30 days after she was served with the First Amended Complaint, there is no dispute that Defendant Colridge's Notice of Removal does not state that the Mortgagee Defendants consent to or join in the removal. See ECF No. 1. As noted above, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009) ("In a case involving multiple defendants, all defendants must join in a removal petition." (citation omitted)). Additionally, in the Ninth Circuit, the removing defendant "has the burden to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, Inc., 167 F.3d at 1266. Defendant Colridge's Notice of Removal is silent as to the Mortgagee Defendants' absence. See ECF No. 1. The

5

fact that the Mortgagee Defendants provided verbal consent to removal to Defendant Colridge's counsel is of no effect because that consent was not reflected in the Notice of Removal. Although the Ninth Circuit has held that the removing defendant's written averment in the notice that all defendants consent to removal is sufficient, see Proctor, 584 F.3d at 1225, there is no authority for Defendant Colridge's argument that verbal consent that is not reflected in the written notice is sufficient. Because Defendant Colridge failed to affirmatively explain the absence of the co-defendants in the Notice of Removal, the Notice of Removal was procedurally defective.

      Defendant Colridge also appears to argue that the Ninth Circuit's requirement that the removing defendant has the burden to affirmatively explain the co-defendant's absence in the notice of removal articulated in Prize Frize, Inc. is no longer applicable because that case was decided before the rule of unanimity was codified by Section 1446(b)(2)(A) in 2011. See ECF No. 23 at 12. The Court rejects this argument. Since 2011, district courts in this circuit have routinely held that a notice of removal that fails to affirmatively explain the absence of the co-defendants is deficient and subject to remand. See, e.g., Chandler v. Whiting Oil and Gas Co., No. CV16161BLGSPWTJC, 2017 WL 3131108, at *3-*5 (D. Mont. June 19, 2017), *report and recommendation adopted*, No. CV 16-161-BLG-SPW, 2017 WL 3172752

6

(D. Mont. July 24, 2017) (holding that a defendant's notice of removal was defective because it failed to affirmatively explain a co-defendant's absence in the notice for removal); Pioneer Asset Inv. Ltd. v. Arlie & Co., No. CV 15-00387 ACK-KSC, 2015 WL 9665667, at *2 (D. Haw. Dec. 14, 2015), *report and recommendation adopted*, No. CV 15-00387-ACK-KSC, 2016 WL 70445 (D. Haw. Jan. 5, 2016) (rejecting the removing defendant's argument that its representation about the co-defendant's anticipated consent was sufficient); Allen v. Wells Fargo Bank NA, No. CV-14-08176-PCT-DLR, 2014 WL 11497805, at *2 (D. Ariz. Nov. 14, 2014) ("Wells Fargo failed to affirmatively allege and explain the absence of its co-defendant in the removal notice, which itself constitutes a procedural defect that subjects the action to remand."); Idaho v. Friends of Weiser River Trail, Inc., No. 1:12-CV-00456-EJL, 2013 WL 2338240, at *2 (D. Idaho May 28, 2013) (holding that because the removing defendant failed to provide an explanation of the co-defendants' absence in the notice of removal, the notice was procedurally defective). The Court finds that Defendant Colridge's Notice of Removal was procedurally deficient because it did not contain an affirmative explanation of the Mortgagee Defendant's absence.

**2. Neither the Mortgagee Defendants' Consent, filed on June 26, 2017, nor Defendant Colridge's Supplement, filed on**

**June 27, 2017, Cured the Defective Notice of Removal**.

Defendants argue that any issues regarding consent to removal were cured by the Mortgagee Defendant's Consent, filed on June 26, 2017, or by Defendant Colridge's Supplement, filed on June 27, 2017. See ECF Nos. 23, 24. The Court recognizes that there is significant conflicting authority regarding the time limit for consent to removal under Section 1446(b)(2)(C). As noted above, Section 1446(b)(2)(C) provides that earlier-served defendants may consent to the removal filed by later-served defendants. See 28 U.S.C. § 1446(b)(2)(C). Section 1446 does not provide a time limit by which earlier-served defendants must consent to or join in the removal. See 28 U.S.C. § 1446. The only statutory time limit set forth in Section 1446 is the thirty-day period for removal that begins to run when the removing defendant is served with the complaint or other paper from which it can be first ascertained that the action is removable. See 28 U.S.C. § 1446(b). In discussing the timeliness of consent to removal, the Ninth Circuit has said that any defects in the removal notice must be "cured within the thirty-day statutory period permitted for joinder." Prize Frize, Inc., 167 F.3d at 1266. Although the Court acknowledges that there is conflicting case law on this issue, based on the plain language of the statute, the Court finds that any defects in Defendant Colridge's Notice of Removal were required to be cured

8

within the thirty-day statutory window for removal, which began when Defendant Colridge was served with the First Amended Complaint.[2]

Here, both the Mortgagee Defendant's Consent and Defendant Colridge's Supplement were untimely. Defendant Colridge was served with the First Amended Complaint on May 23, 2017. See ECF No. 1 ¶ 15. Accordingly, the thirty-day period during which Defendant Colridge's could properly remove this action expired on June 22, 2017. See 28 U.S.C. § 1446(a). The Mortgagee Defendants' Consent and Defendant Colridge's Supplement were filed after the relevant thirty-day period expired and,

---

[2] Even within this district, courts disagree regarding whether consent to removal must be filed within the defendant's thirty-day period for removal or within thirty days after the notice of removal is filed. Compare Pioneer Asset Inv. Ltd., 2015 WL 9665667, at *4 (holding that an earlier-served defendant's consent must be filed within thirty-days after the earlier-served defendant has been served with the complaint and summons) with Barglowski v. Nealco Int'l LLC, No. CV 16-00209 LEK-KSC, 2016 WL 5107043 (D. Haw. Sept. 20, 2016) (holding that the consent to removal must be filed within thirty days of receipt of the removal notice); see also Couzens v. Donohue, 854 F.3d 508, 514-15 (8th Cir. 2017) (collecting cases that reflect the differing interpretations of Section 1446's timeliness requirement for consent to removal). However, based on the thirty-day removal period provided in Section 1446 and the Ninth Circuit's mandate that timeliness is mandatory, the Court finds that the more persuasive authorities are those that require a co-defendant's consent to be expressly stated in the notice of removal or filed within the defendant's thirty-day period for removal. See, e.g., Tutor-Saliba Corp. v. Everest Nat'l Ins. Co., No. CV151093DSFPLAX, 2015 WL 13427744, at *1 (C.D. Cal. Apr. 13, 2015) (remanding an action where the co-defendant failed to consent to removal within thirty-day after service of the complaint).

therefore, were untimely.  Although the Ninth Circuit has held that *de minimus* procedural defects are curable even after the thirty-day period has expired, it also reiterated that Section 1446(b)'s "time limit is mandatory such that a timely objection to a late petition will defeat removal."  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013) (quoting Fristoe, 615 F.2d at 1212)).  Here, Plaintiffs properly raised the issues regarding the procedural defects in Defendant Colridge's Notice of Removal by filing their Motion to Remand under Section 1447(c) within thirty days after the Notice of Removal was filed.  See 28 U.S.C. § 1447(c).  The Court finds that the Mortgagee Defendants' untimely consent to removal is not a *de minimus* procedural issue, but rather is controlled by Section 1446's mandatory time limit.  The Court finds that Defendant Colridge's Notice of Removal was procedurally defective and that those defects were not cured within the thirty-day statutory time period.

Finally, the Court also rejects the Mortgagee Defendants' argument that removal was timely because Defendant Colridge's Notice of Removal was the first paper from which it could first ascertain that this case was removable.  See ECF No. 24 at 7-8 (citing 28 U.S.C. § 1446(b)(3)).  Even if the Court adopted the Mortgagee Defendants' premise that a second thirty-day removal period was triggered with the filing of Defendant

Colridge's Notice of Removal, the Mortgagee Defendants did not thereafter file a notice of removal. Because Defendant Colridge's Notice of Removal was defective and was not timely cured, the Court RECOMMENDS that the district court remand this case to state court. See 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion for an Order of Remand be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 10, 2017.

Richard L. Puglisi
United States Magistrate Judge

**PALMEIRA, ET AL. vs. CIT BANK, N.A., ET AL.; CIVIL NO. 17-00275 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND**