IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AURALEE J. PALMEIRA and ADELE PALMEIRA-SHINN,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CIT BANK, N.A., formerly known as ONEWEST BANK, FSB; FEDERAL HOME LOAN MORTGAGE CORPORATION; KALEI B. COLRIDGE; and DOE DEFENDANTS 1-50,<br><br>    Defendants. | ) ) ) ) ) ) ) Civ. No. 17-00275 ACK-RLP ) ) ) ) ) ) ) ) ) ) ) |

## ORDER ADOPTING AS MODIFIED THE FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR AN ORDER OF REMAND

For the reasons set forth below, the Court adopts as modified the Findings and Recommendation to Grant Plaintiffs' Motion for an Order of Remand, ECF No. 26, issued by Magistrate Richard L. Puglisi on August 10, 2017.

### BACKGROUND

On June 30, 2016, Plaintiffs Auralee J. Palmeira and Adele Palmeira-Shinn ("Plaintiffs") filed this action in the Circuit Court of the Fifth Circuit, State of Hawaii ("State Court Action.") See Notice of Removal ¶ 1, ECF No. 1. On September 27, 2016, Plaintiffs filed a First Amended Complaint in the State Court Action. Id. ¶ 2. CIT Bank, f/k/a OneWest

Bank, N.A. f/k/a OneWest Bank, FSB, as well as Federal Home Loan Mortgage Corp., (collectively, the "Mortgagee Defendants") filed their answer to the First Amended Complaint on October 27, 2016. Id. ¶ 3. Defendant Kalei B. Colridge was served, through her attorney, on May 23, 2017. Id. ¶ 15.

Defendant Colridge filed her Notice of Removal based on diversity jurisdiction on June 9, 2017, 17 days after being served. See id. ¶¶ 13, 15. In the Notice, Defendant Colridge alleges that the Mortgagee Defendants answered the First Amended Complaint in 2016. Id. ¶ 3. However, the Notice of Removal does not indicate that the Mortgagee Defendants consented to or joined in the removal. See generally id. On June 26, 2017, the Mortgagee Defendants filed a notice consenting to and joining in the Notice of Removal. ECF No. 7 ("Consent and Joinder"). In the Consent and Joinder, the Mortgagee Defendants state that Defendant Colridge's attorney telephonically obtained their consent to remove the case on June 7, 2017, and that prior to that conversation the Mortgagee Defendants were not aware that complete diversity existed. Id. at 3; Declaration of Judy A. Tanaka ¶¶ 4-5, ECF No. 7-1 ("Tanaka Decl."). On June 27, 2017, Defendant Colridge filed a "supplement" to her notice of removal regarding these same facts and arguing that the Mortgagee Defendants timely requested removal through their Consent and Joinder. ECF No. 11 ¶¶ 4-6.

Plaintiffs filed their motion to remand to state court on July 7, 2017. ECF No. 21. Defendant Colridge filed her opposition on July 21, 2017, to which the Mortgagee Defendants filed a substantive joinder. ECF Nos. 23-24. Plaintiffs filed their reply on August 4, 2017. ECF No. 25. On August 10, 2017, Judge Puglisi issued Findings and Recommendation to Grant Plaintiffs' Motion for an Order of Remand. ECF No. 26 ("F&R").

In the F&R, Judge Puglisi found that the Notice of Removal was procedurally defective because it was silent as to the Mortgagee Defendants' consent, even though consent had apparently been previously obtained. F&R at 5-7. While recognizing conflicting authority, Judge Puglisi also found that any defects in the Notice had to be cured within the 30-day removal period, but that the Consent and Joinder and the supplement had been filed outside of that window. Id. at 8-10. Finally, Judge Puglisi also rejected the argument that removal was timely because Defendant Colridge's Notice of Removal was the first paper from which the Mortgagee Defendants could ascertain the case was removable since the Mortgagee Defendants did not thereafter file a notice of removal. Id. at 10-11.

On August 24, 2017, Defendant Colridge filed objections to Judge Puglisi's F&R ("Obj."), to which the Mortgagee Defendants filed a substantive joinder. ECF Nos. 27-28. Plaintiffs did not file a response to the objections.

**STANDARD**

"This Court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge." PSC Indus. Outsourcing, LP v. Burlington Ins. Co., Civ. No. 10-00751, ACK-BMK, 2011 WL 1793333, at *3 (D. Haw. May 10, 2011) (citing Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008)).

When a party objects to a magistrate judge's findings or recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district court must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).

Under a de novo standard, a district court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's

4

findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

It is within the district court's discretion to "receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions." Local Rule 74.2. Pursuant to Local Rule 74.2, this Court "may consider the record developed before the magistrate judge," but the Court must make its "own determination on the basis of that record."

## **DISCUSSION**

Defendant Colridge objects to the F&R on two bases: (1) whether consent to removal by earlier-served defendants must be filed within the 30-day time period for removal; and (2) whether this case was timely removed through the Mortgagee Defendants' Consent and Joinder in which they assert independent grounds for removal based on Defendant Colridge's Notice of Removal. Obj. at 2-4. Defendant Colridge does not challenge Judge Puglisi's determination that the fact that consent was obtained prior to removal is insufficient on its own.[1] F&R at 6.

---

[1] Nor does this Court see any clear error in this finding. See Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987) ("The removal statutes require that all defendants communicate their consent *to the court* - not to one another.") (emphasis in original); see also Cotterill v. City & Cty. of S.F., No. C 08-02296 JSW, 2008 WL 3876153, at *3 (N.D. Cal. Aug. 19, 2008) (discussing that courts require that consent to be provided to the court but that some allow consent to be oral "so long as it is a 'clear and unambiguous' submission").

5

The Court disagrees with Defendant Colridge's objections and accordingly ADOPTS Magistrate Judge Puglisi's Findings and Recommendation, as modified herein.

## I. Defendant Colridge Incorrectly Asserts That The Mortgagee Defendants Timely Consented to Removal

In a multi-defendant action, a later-served defendant has a right of removal separate from that of an earlier-served defendant. See 28 U.S.C. § 1446(b)(2). The Ninth Circuit had adopted this rule, known as the later-served defendant rule, prior to its codification in the 2011 amendments to 28 U.S.C. § 1446 (effective January 6, 2012). See Destfino v. Reiswig, 630 F.3d 952, 955-56 (9th Cir. 2011). The court also held that each defendant had 30 days from service on him or her to remove the action, without regard to whether another defendant had been served earlier. Id. at 956. The statute now explicitly allows each defendant 30 days after receipt or service of an initial pleading or summons to file a notice of a removal. 28 U.S.C. § 1446(b)(2)(B). The Ninth Circuit has also held that the time limits in § 1446(b) are mandatory and that "'a timely objection to a late petition will defeat removal.'" Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980)).

Under the "rule of unanimity," all defendants who have been properly joined and served must join in or consent to

6

removal. 28 U.S.C. § 1446(b)(2)(A). If defendants are served at different times, when a later-served defendant files a notice of removal, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal." Id. § 1446(b)(2)(C). A defendant may join in or consent to the removal within the notice of removal or in a separate document reflecting joinder or consent. See Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).

Here, Defendant Colridge was served with the First Amended Complaint on May 23, 2017 and filed her Notice of Removal on June 9, 2017. Notice of Removal, ECF No. 1 & ¶ 15. "[T]he removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice of removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261 (9th Cir. 1999) (superseded by statute, as stated in Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006)). However, Defendant Colridge's Notice of Removal is silent as to the absence of the Mortgagee Defendants, see ECF No. 1, and was not amended before the statutory 30-day period for removing the case expired on June 22, 2017. The Mortgagee Defendants did not file their Consent and Joinder until June 26, 2017. ECF No. 7. As such, the Notice of Removal was procedurally defective.

The issue before the Court is whether the Mortgagee Defendant's Consent and Joinder, filed 17 days after the Notice of Removal was filed and 34 days after Defendant Colridge was served with the amended complaint, timely cured the procedural defect in the Notice of Removal. If the defect in consent was not timely cured, this matter is subject to remand. See, e.g., Lewis v. HSBC Bank USA, N.A., No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *9 (D. Haw. Aug. 25, 2017) report and recommendation adopted, No. CV 17-00234 DKW-KSC, 2017 WL 4019416 (D. Haw. Sept. 12, 2017); US Bank Nat. Ass'n v. Taylor, No. CV 15-00018 DKW-KSC, 2015 WL 1057119, at *3-4 (D. Haw. Mar. 10, 2015); Allen v. Wells Fargo Bank NA, No. CV-14-08176-PCT-DLR, 2014 WL 11497805, at *3 (D. Ariz. Nov. 14, 2014); Boyett Constr., Inc. v. Allianz Glob. Risks U.S. Ins. Co., No. 2:14-CV-00607-GEB-AC, 2014 WL 2093569, at *1-2 (E.D. Cal. May 19, 2014).

There is conflicting law on the deadline for filing consent of earlier-served defendants, even within this District, as Judge Puglisi noted. F&R at 8-9 & n.2. The Ninth Circuit does not appear to have spoken as to when consent is due in light of the 2011 amendments. See Pattison v. Nevada, No. 3:14-cv-00020-MMD-VPC, 2014 WL 2506467, at *1 (D. Nev. June 3, 2014) ("[T]he question of when a defendant's separate joinder or consent must be filed to be timely does not appear to be definitively established in the Ninth Circuit, particularly

8

following recent amendments to the removal procedure statute."). Plaintiffs contend that consent must have been filed within the 30-day time period for removal, i.e. by June 22, 2017. Motion at 2, ECF No. 21-1. Defendant Colridge asserts that the consent was timely filed as there is either no deadline for consent or at minimum consent may be filed within 30 days of the date of the notice of removal. Obj. at 3.

First, some courts have found that there is no deadline for filing consent. In Couzens v. Donohue, the Eighth Circuit found timely a consent filed 31 days after a later-served defendant filed its notice of removal, and one day after the plaintiff filed his motion to remand. 854 F.3d 508, 515 (8th Cir. 2017). In so holding, the Eighth Circuit appeared to primarily rely on the fact that in the amendments to § 1446, Congress specified the form of notice and time frame for removal by each defendant in a multiple-defendant action, but chose not to do so for the form of or time for consent of earlier-served defendants. Id. at 514 (quoting Griffoen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187 (8th Cir. 2015)). Other courts have similarly relied on Congress's lack of specificity regarding the timing of consent to find that there is no codified time period for consenting to removal. See, e.g., Gaynor v. Miller, 205 F. Supp. 3d 935, 941 (E.D. Tenn. 2016) (finding that while the 2011 amendments codified the last-served

9

defendant rule which the Sixth Circuit had previously adopted, they did not codify the requirement that earlier-served defendants consent within 30 days of removal).

This Court disagrees that Congress's apparent silence on the timing of consent means that there is no deadline. The legislative history of the 2011 amendment indicates that the rule was not intended to "allow an indefinite period for removal." H.R. Rep. No. 112-10, at 14 (2011); see Chakra 5, Inc. v. City of Miami Beach, 968 F. Supp. 2d 1210, 1214 (S.D. Fla. 2013) (quoting H.R. Rep. No. 112-10 and rejecting argument that there is no deadline for consent); see also Lewis, 2017 WL 3671279, at *7 (Section 1446(b)(2)(C) "does not provide an open-ended opportunity to consent to removal at any time during the course of a case."). Rather, Congress's intent was to "provide[] for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them without undermining the Federal interest in ensuring that defendants act with reasonable promptness in invoking Federal jurisdiction." H.R. Rep. No. 112-10, at 14.

Regardless, Defendant Colridge argues that even if there is a deadline for filing consent, it is 30 days after receipt of the notice of removal, which still renders the Mortgagee Defendants' Consent and Joinder timely. See Obj. at 7-8. Courts finding a deadline for consent appear to specify

either 30 days after the notice of removal is filed or the initial 30-day period in which the later-served defendant may file a notice of removal.

One court opting for the former deadline felt that requiring consent within 30 days after the notice of removal was "the fairest for all concerned" as it allowed an earlier-served defendant a reasonable time to determine whether to consent and still allow the party challenging removal to raise procedural defects at the time a motion to remand must be filed. Pattison, 2014 WL 2506467, at *3. The court also felt that this rule was "consistent with the intent of the statute to facilitate rather than impair the ability of defendants in multiple-defendant cases to remove actions and consent to removal." Id. A court in this district also appears to have adopted this rule but with no analysis, merely noting that "'all defendants must either join or provide within thirty days consent to the removal notice.'" Barglowski v. Nealco Int'l LLC, Civ. 16-00209 LEK-KSC, 2016 WL 5107043, at *4 (D. Haw. Sept. 20, 2016) (quoting Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009)).

Courts requiring that consent be filed within the 30-day period for removal by the later-served defendant have done so for various reasons. One court in this district found, relying on Prize Frize, that "Ninth Circuit precedent clearly

establishes that remand is appropriate when defects in removal notices are not cured within the 30-day period prescribed by § 1446." Lewis, 2017 WL 3671279 at *9.  The Ninth Circuit held in Prize Frize that defects in removal notices must be cured within the 30-day period for joinder and that the failure to timely join all defendants is grounds for remand.  See 167 F.3d at 1266.  The court in Lewis thus found remand appropriate, especially in light of "the Court's obligation to resolve any doubts about the propriety of removal in favor of remanding the case to state court...."  2017 WL 3671279 at *9 (finding consent untimely even if the court adopted the rule allowing for it to be filed within 30 days after the notice of removal).

      Defendant Colridge challenges reliance on Prize Frize, as it predates the 2011 amendments.  Obj. at 10.  However, the legislative history of the amendments does not "indicate[] Congress meant to overhaul judicial precedent".  Chakra 5, 968 F. Supp. 2d at 1214 (citing H.R. Rep. No. 112-10, at 14).  Rather, "the main objective" of the amendments to paragraph (b)(2) was "to eliminate confusion surrounding the timing of removal when defendants are served at different times."  H.R. Rep. No. 112-10, at 14.  Congress did not explicitly address timing for consent or for curing other removal defects.  Under such circumstances, this Court is unwilling to read the 2011 amendments as abrogating *sub silentio* existing judicial

precedent regarding the deadline by which defects in notices of removal must be cured.

Other courts finding that consent must be filed within the 30-day removal period have additionally noted that nothing in the amendments alters the rule that the removal statute should be strictly construed and enforced in favor of state court jurisdiction. Mire v. Oxnley, No. 17-CV-620, 2017 WL 4128859, at *2 (W.D. La. Aug. 9, 2017), report and recommendation adopted sub nom. Mire v. Onxley, No. 2:17-CV-620, 2017 WL 4128854 (W.D. La. Sept. 18, 2017) (also noting that it would be "absurd" to not have a deadline for consent because defendants would always be able to amend and provide proper consent); see also Casey v. Xpedx, No. CV 16-5135, 2016 WL 6962576, at *2 (E.D. Pa. Nov. 28, 2016) (finding each defendant had to file a consent within the 30-day removal period).

One court has also argued that the language of § 1446(b)(2)(A) suggests that a removing defendant must secure the consent of other served defendants by the time of the filing of the notice of removal. Alston v. Wells Fargo Bank, Nat'l Ass'n, No. CV TDC-17-1085, 2017 WL 2839629, at *3 (D. Md. June 29, 2017). The court focused on the temporal aspect of the provision, requiring that defendants "*must* join in or consent to the removal of the action" "*[w]hen* a civil action is removed." Id. at *2 (emphasis in Alston).

The Court concludes that consent must be filed within the 30-day period for removal to be timely, not within 30 days of when the notice of removal was filed. To the extent that the conflicting authorities discussed above create doubt as to the deadline for consent, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). As applied here, strict construction in favor of remand suggests that consent be filed by the earliest date, which is the 30-day period for removal. Allowing additional time to obtain and file consent for removal would disfavor remand.

In addition, the defendant has the burden of establishing removal is proper. Id. Consent of earlier-served co-defendants is required for removal. 28 U.S.C. § 1446(b)(2)(A). Defects in removal requirements must be cured within the 30-day period for removal, or removal is improper. See Prize Frize, 167 F.3d at 1266. These statements taken together suggest that lack of consent is a defect which must be cured within the 30-day removal period in order for removal to be proper. See Lewis, 2017 WL 3671279, at *8-9.

Finally, this Court disagrees with the Pattison court that allowing consent to be filed within 30 days after the

notice of removal is "the fairest for all concerned." Pattison, 2014 WL 2506467 at *3. Under 28 U.S.C. § 1447(c), a plaintiff also only has 30 days after the notice of removal is filed to move to remand on the basis of any defect other than lack of subject matter jurisdiction. Thus, if a co-defendant were to wait until the 30th day after the notice of removal was filed to indicate his consent, the plaintiff would also have to wait until that 30th day to know if a motion to remand could be filed for lack of consent. Under such circumstances, the co-defendant's consent and the plaintiff's motion to remand would be due on the same day. It is unrealistic to expect plaintiffs to wait to see if earlier-served defendants file an eleventh-hour consent to draft a motion to remand. However, consent filed at the last minute would also waste any effort previously put towards drafting in advance a motion on that basis. Such a rule thus puts plaintiffs at a disadvantage and invites waste of resources and unnecessary motions practice.

Requiring consent to be filed within the 30-day period for removal also does not conflict with the intent of the 2011 amendments. Congress sought to provide fairness to later-served defendants by giving them their own opportunity to remove, even if earlier served defendants did not choose to do so. H.R. Rep. No. 112-10, at 14. Requiring a later-served defendant to obtain consent within 30 days is not an unfair burden. Rather, it

15

simply requires them to "act with reasonable promptness" in the course of "invoking Federal jurisdiction" through a motion to remand, as Congress intended.  See id.

Nor does requiring consent to be filed within the 30-day removal period necessarily rush earlier-served defendants, as the Pattison court suggests.  See 2014 WL 2506467, at *3.  Nothing prevents a later-served defendant from notifying earlier-served defendants of their intention to remove before filing a notice of removal and attempting to obtain consent at that time.  Indeed, in this case, Defendant Colridge obtained consent from the Mortgagee Defendants even before filing her Notice of Removal, which occurred only 17 days after being served.  Defendant Colridge thus had the fair opportunity Congress envisioned to invoke federal jurisdiction.  That she failed to state in her Notice of Removal that she in fact had consent of the Mortgagee Defendants and failed to timely remedy this procedural defect does not render the requirement that consent be filed within the 30-day period for removal unfair or contrary to § 1446 or congressional intent.

In light of the foregoing, the Court agrees with Judge Puglisi's conclusion in the F&R that Defendant Colridge's Notice of Removal was procedurally defective and that those defects were not timely cured as the Mortgagee Defendants' Consent and Joinder was filed outside of the 30-day statutory time period

for removal.  See F&R at 10.

## II. Defendant Colridge Incorrectly Asserts that the Mortgagee Defendants' Consent Should Be Construed as a Timely-Filed Notice of Removal

Defendant Colridge additionally contends that the Mortgagee Defendants' Consent and Joinder, filed 17 days after her Notice of Removal, should be construed as a timely filed notice of removal in its own right.  Obj. at 11-12.  If a case stated by the initial pleading is not removable, a defendant may still file a notice of removal within 30 days after receipt "of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Defendant Colridge relies on the fact that in the Consent and Joinder, the Mortgagee Defendants stated that they were unaware the case was removable until she filed her Notice of Removal on June 9, 2017.  Obj. at 12; see also ECF No. 7 at 4-5; Tanaka Decl. ¶¶ 4-5.

However, in their substantive joinder to Defendant Colridge's opposition to Plaintiffs' motion to remand, the Mortgagee Defendants explicitly confirmed that they "did not, in fact, file a second notice of removal."  ECF No. 24 at 8.  Rather, "although they had an independent basis for removal, they timely filed a 'consent' to and 'joinder' in Defendant Colridge's Notice of Removal."  Id.  Given the Mortgagee Defendants' plainly stated intention not to file a second notice

of removal, despite asserting that an independent basis for doing so existed, the Court will not construe their Consent and Joinder otherwise.

As such, even assuming that the filing of Defendant Colridge's Notice of Removal on June 9, 2017 triggered a 30-day period in which the Mortgagee Defendants could file their own notice of removal, they did not do so. Thus, because the only notice of removal filed in this matter was procedurally defective and not timely cured, as discussed in Section I, the Court finds that remand is warranted.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation to Grant Plaintiffs' Motion for an Order of Remand, as modified by this Order. Plaintiffs' Motion for Remand is GRANTED. Accordingly, this action will be remanded to the Circuit Court of the Fifth Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 24, 2017.



_____
Alan C. Kay
Sr. United States District Judge

Palmeira, et al. v. CIT Bank, et al., Civ. No. 17-00275 ACK-RLP, Order Adopting as Modified the Findings and Recommendation to Grant Plaintiffs' Motion for an Order of Remand.